```
              UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF OHIO

EDWARD KEITH GULBRANDSON,        )   CASE NO. 5:06 CV 1517
                                 )
         Plaintiff,              )   JUDGE JAMES S. GWIN
                                 )
    v.                           )
                                 )   MEMORANDUM OF OPINION
GOODYEAR TIRE & RUBBER CO.,      )   AND ORDER
                                 )
         Defendant.              )
```

On June 20, 2006, plaintiff pro se Edward Keith Gulbrandson filed this in forma pauperis action against Goodyear Tire & Rubber Co. The complaint alleges that Gulbrandson designed "directional asymmetrical tread ... to prevent an automobile from hydroplaning," and that defendant sold his "copyrighted idea to the public for fifteen billion dollars." For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable

basis in law or fact.[1]  Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

As a threshold matter, the court notes that an essentially identical claim was filed by plaintiff in this court in 1992, and that action was dismissed for want of prosecution. Gulbrandson v. Goodyear Tire Co., 5:92 CV 1632.  Further, regardless of the potential merits of the claim,[2] it is obvious on the face of the complaint that the three year statute of limitations for bringing it expired well before plaintiff filed this action.  17 U.S.C. § 507(b).  Cf. Ritchie v. Williams, 395 F.3d 283 (6th Cir. 2005).  There would thus be no purpose in allowing this matter to go forward in view of the fact that it is clearly time-barred.  Thomas v. Shipka, 829 F.2d 570 (6th Cir. 1987); Privett v. Trammell, No. 85-6042, 1987 U.S. App. LEXIS 4918 (6th Cir. April 10, 1987).

Accordingly, this action is dismissed under section 1915(e).  Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in

---

[1]  A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

[2]  Copyright protects expressive works of authorship.  It does not protect inventions.  See 17 U.S.C. § 102(b).

2

Case: 5:06-cv-01517-JG Doc #: 4 Filed: 08/30/06 3 of 3. PageID #: 34

good faith.

    IT IS SO ORDERED.

Dated: August 30, 2006                    <u>*s/     James S. Gwin*     </u>
                                                   JAMES S. GWIN
                                                   UNITED STATES DISTRICT JUDGE